NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 11 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| NIRMAL SINGH; HARVINDER KAUR GILL,<br><br>               Petitioners,<br><br>  v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>               Respondent. | No. 25-3468<br><br>Agency Nos.<br>A208-008-355<br>A208-008-356<br><br>MEMORANDUM<sup>*</sup> |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 9, 2026<sup>**</sup>
San Francisco, California

Before: NGUYEN and VANDYKE, Circuit Judges, and HUIE, District Judge.<sup>***</sup>

Petitioner Nirmal Singh ("Singh") and his wife, Harvinder Gill, a derivative

beneficiary, petition for review of the Board of Immigration Appeals' ("BIA")

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Robert Steven Huie, United States District Judge for the Southern District of California, sitting by designation.

dismissal of his appeal of an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *see Mukulumbutu v. Barr*, 977 F.3d 924, 925 (9th Cir. 2020), we deny the petition.

Substantial evidence supports the agency's adverse credibility finding that Singh was not persecuted on account of his interfaith and intercaste marriage. The IJ found two material omissions in Singh's original application. First, in his testimony and declaration, Singh stated that the police informed him that he was "lucky to be alive" given his "intercaste and interfaith relationship" and accused him of "playing with the honor of religion." But in his first declaration, he only claimed that the police told him that he was "alive so there [was] no need to waste time on such little things," and ordered him to leave. Second, in contrast to his later testimony, Singh omitted in his initial declaration information about the police ordering him to remove his clothes before beating him, accusing him of "messing with Sikh daughters," and threatening to "kill [him] if [he] were to date any Sikh woman in the future." The agency concluded that these additional allegations about police officers accusing Singh of "playing with the honor of religion" and "messing with Sikh daughters," as well as threatening to kill him if he continued dating Sikh women, materially enhanced his claim because it

connected the purported police persecution to his intercaste and interfaith marriage. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016) (holding that "an adverse credibility determination may be supported by omissions that . . . tell a much different—and more compelling—story of persecution than the initial application" (simplified)). The record does not compel a contrary conclusion.

Substantial evidence also supports the agency's finding that it is implausible that Singh would not have medical records documenting his treatment following the July 2013 attack. Considering that the attack allegedly caused him to lose consciousness, his injuries were so severe that a doctor wanted to call the police, he received medical care and medication at a hospital, and he remained under observation for several hours at the hospital, the agency reasonably found it implausible that the hospital did not make any records of his stay or treatment simply because he "worked at the hospital." *See Singh v. Holder*, 643 F.3d 1178, 1182 (9th Cir. 2011) ("The REAL ID Act has given immigration judges even broader discretion in making their credibility determinations, but they've always been permitted to use their common sense.").[1]

---

[1] We do not address Singh's arguments that the agency erred in failing to consider his wife's testimony as corroboration and in finding that he could relocate because he failed to raise these issues before the agency. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

**PETITION DENIED.**[2]

---

[2] The motion for a stay of removal, Dkt. No. 4, is denied. The temporary stay of removal is lifted.